UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER H. ANDERSON, | CASE NO. C14-0048JLR |
| Plaintiff, | ORDER DIRECTING IN CAMERA REVIEW |
| v. | |
| COUNTRY MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

## I. INTRODUCTION

Before the court is Defendant Country Mutual Insurance Company's ("Country Mutual") renewed motion for a protective order. (Mot. (Dkt. # 29).) This is a discovery dispute. Country Mutual seeks to withhold certain documents it claims are protected by the attorney-client privilege. (*See id.*) Plaintiff Christopher Anderson argues that Country Mutual should be required to produce the documents pursuant to the Washington State Supreme Court's decision in *Cedell v. Farmers Insurance Co. of Washington*, 295

ORDER- 1

P.3d 239 (Wash. 2013).  The court concludes that, in order to determine which party is correct, it is appropriate to conduct *in camera* review of the relevant documents. Accordingly, the court ORDERS Country Mutual to submit the disputed documents to the court for *in camera* review by Monday, August 18, 2014.

## II.     BACKGROUND

This is an insurance coverage case.  Mr. Anderson owned a rental property in Seattle's Seward Park neighborhood, and on December 26, 2012, the property caught fire.  (Compl. (Dkt. # 1-1) ¶ 3.1.)  The fire caused extensive damage, so Mr. Anderson made a claim on his insurance policy with Country Mutual.  (*Id.* ¶¶ 3.1, 3.3.)  Shortly thereafter, Country Mutual discovered evidence that there had been a marijuana grow operation located on the property.  (Thielbar Decl. (Dkt. # 15) ¶ 4.)  Consequently, Country Mutual undertook an extensive investigation of Mr. Anderson's claim.  (*Id.* ¶¶ 4-8.)  Country Mutual retained outside counsel—the Thenell Law Group, P.C.—to assist with its investigation and coverage determination.  (*Id.* ¶ 7.)  Country Mutual eventually denied Mr. Anderson's claim on October 14, 2013.  (*Id.* ¶ 8.)  In response, Mr. Anderson brought this complaint alleging breach of contract, bad faith, and violations of Washington's Consumer Protection Act and Insurance Fair Conduct Act.  (Compl. ¶ 4.1.)

In May of this year, Country Mutual filed a motion for protective order.  (5/20/14 Order (Dkt. # 13).)  In the motion, Country Mutual asserted that certain documents that Mr. Anderson had requested in discovery were protected by the attorney-client privilege.  (*See id.*)  He requested that the court conduct an *in camera* review pursuant to the Washington State Supreme Court's decision in *Cedell*.  (*Id.*)  Mr. Anderson opposed the

motion. (5/28/14 Resp. (Dkt. # 16).) The court requested, and received, additional briefing in light of its then-recent ruling in *MKB Constructors v. American Zurich Insurance Co.*, No. C13-0611JLR, 2014 WL 2526901 (W.D. Wash. May 27, 2014). (6/9/14 Min. Order (Dkt. # 24).) The parties agreed that, in light of that ruling, Country Mutual should amend its privilege log and Mr. Anderson should review the amended privilege log. (*See* Pltf. Supp. Br. (Dkt. # 25) at 3; Def. Supp. Br. (Dkt. # 26) at 2.) This occurred, and it appears that the scope of the dispute between the parties has been narrowed considerably. (*See* Mot. at 2-3.) However, some 103 pages of documents remain in dispute, so Country Mutual renewed its motion for a protective order on July 31, 2014. (*Id.*; Resp. (Dkt. # 31) at 2.) That motion is now before the court.

### III.   ANALYSIS

The parties' dispute centers on the attorney-client privilege. The attorney-client privilege is a long standing doctrine established to "encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). When it applies, the privilege protects communications made in confidence by clients to their lawyers for the purpose of obtaining legal advice. *Fisher v. United States,* 425 U.S. 391, 403 (1976); *Am. Standard Inc. v. Pfizer Inc.,* 828 F.2d 734, 745 (Fed. Cir. 1987).

In Washington, the attorney-client privilege applies differently in certain insurance cases. In a first-party insurance bad faith action, the attorney-client privilege is presumptively inapplicable. *Cedell*, 295 P.3d at 246. The Washington State Supreme

Court recently explained this in its opinion in *Cedell*. *Cedell* significantly altered application of the attorney-client privilege in the context of first-party bad faith claims. *See MKB*, 2014 WL 2526901, at *4. Most significantly, in such cases, *Cedell* creates a "presumption that there is no attorney-client privilege relevant between the insured and the insurer in the claims adjusting process, and that the attorney-client . . . privilege[ is] generally not relevant." *Id.* (citing *Cedell*, 295 P.3d at 246). Nonetheless, an insurer may overcome *Cedell*'s new "presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigation and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own liability: for example, whether or not coverage exists under the law." *Cedell*, 295 P.3d at 246.

But that showing can itself be overcome. Even if an insurer demonstrates that an attorney was not serving in a quasi-fiduciary role, under *Cedell*, an insured may still be able to pierce the insurer's assertion of attorney-client privilege. *See MKB*, 2014 WL 2526901, at *4. If the insured asserts that the insurer has engaged "in an act of bad faith tantamount to civil fraud" and makes "a showing that a reasonable person would have a reasonable belief that an act of bad faith has occurred" or that an insurer has engaged in a "bad faith in attempt to defeat a meritorious claim," then the insurer will be deemed to have waived the privilege. *See Cedell*, 295 P.3d at 246-47. Obviously, something more than an honest disagreement between the insurer and the insured about coverage under the policy must be at play. *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611JLR, 2014 WL 3734286, at *7 (W.D. Wash. July 28, 2014).

One way of making these privilege determinations is to conduct *in camera* review. Indeed, this procedure is mandatory in state court in Washington after *Cedell*. 295 P.3d at 246. *Cedell* directs state trial courts to conduct *in camera* review of disputed privileged documents at two points in the foregoing process—when the insurer asserts that its attorney was not engaged in quasi-fiduciary tasks, *id.* at 246, and when the insured asserts that the insurer has engaged in an act of bad faith tantamount to civil fraud, *id.* at 246-47. Unfortunately, in both circumstances, the Washington Supreme Court is not clear whether demonstrating the required showing is a prerequisite to the *in camera* review or whether evidence gleaned from the *in camera* review can be utilized to make the necessary showing. *See id.*; *see also MKB*, 2014 WL 2526901, at *4 (discussing this inconsistency in the *Cedell* opinion). In any event, in *MKB*, this court determined that *Cedell*'s *in camera* review requirement was procedural in nature and thus not mandatory in federal court. *MKB*, 2014 WL 2526901, at *7 ("[T]he court may conduct *in camera* reviews as described by the Washington Supreme Court in *Cedell*, but it is not bound to do so.").

Here, it would be difficult or impossible to resolve this dispute without conducting *in camera* review. To do so, the court would have to rely solely on Country Mutual's "4th Amended Privilege Log" (Dkt. # 30-5) to determine, with respect to each withheld document, whether (a) the attorney was engaged in the quasi-fiduciary tasks of investigation and evaluating or processing the claim or was instead providing the insurer with counsel as to its own liability; and (b) the insurer committed "an act of bad faith tantamount to civil fraud." *See Cedell*, 295 P.3d at 246-47.

In the right case, this might be feasible. Whether a privilege log suffices to conduct this inquiry will depend on the quality of the privilege log and the amount of relevant detail and specificity included therein.

But it is not feasible in this case. Although Country Mutual's "4th Amended Privilege Log" contains a substantial amount of necessary detail, it is still insufficient for the court to undertake the inquiries described above. For example, the privilege log describes documents in broad language, such as:

> Email from [Thenell Law Group] to Country [Mutual] regarding examination under oath of Plaintiff . . .
>
> Email from [Thenell Law Group] to Country [Mutual] regarding coverage . . . [and]
>
> Letter from Defendant to [Thenell Law Group] providing claim information for coverage analysis. Attaches proof of loss received from insured.

(4th Am. Priv. Log (Dkt. # 30-5) at 2, 6.) Based on these descriptions, the court cannot readily conclude whether the communications at issue involve "the quasi-fiduciary tasks of investigation and evaluating or processing the claim" or "providing the insurer with counsel as to its own liability." *See Cedell*, 295 P.3d at 246-47. The descriptions in the privilege log would permit either conclusion. The descriptions also do not allow the court to assess whether the civil fraud exception applies.

Thus, the court concludes that it must examine the documents. It appears that relatively few documents remain in dispute (*see* Carsley Decl. (Dkt. # 32) Ex. A (highlighting disputed documents)), so the court should have no difficulty reviewing them *in camera*.

ORDER- 6

## IV. CONCLUSION

For the foregoing reasons, the court ORDERS Country Mutual to submit the documents at issue to the court for *in camera* review by Monday, August 18, 2014. The court also DIRECTS the clerk to renote Country Mutual's renewed motion for protective order (Dkt. # 29) for Monday, August 18, 2014.

Dated this 13th day of August, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 7